KLEIN, J.
In this appeal the personal representative of an estate argues that the fees awarded by the court to him, as well as to his counsel, were insufficient. The beneficiaries of the estate have cross-appealed, contending the fees awarded are too high. We affirm.
The trial court, in a thoroughly well-reasoned and scholarly judgment which contained extensive findings of fact, awarded the P.R. $206,460 and his counsel $177,345, for services rendered this $8.3 million dollar estate. The estate consisted of about $6 million dollars in stocks and bonds which were managed by a bank, a minority interest in a manufacturing company, a residence with an adjacent horse farm, and some warehouses.
The P.R. and counsel both sought fees based on the sliding scale percentage fee rate provided for in sections 733.617 and 733.6171, Florida Statutes (1997), plus additional fees for extraordinary services. These services included satisfying a claim against the estate, having the responsibility for the securities, obtaining appraisals of decedent’s assets, resolving a claim of the estate in a bankruptcy proceeding, satisfying the mortgage and transferring title of decedent’s residence, selling decedent’s horses, managing and leasing two warehouses, and carrying out a charitable pledge. The trial court denied extraordinary fees.
The trial court found that the services for which extraordinary compensation was requested, mostly described above, were not extraordinary, considering the size of this estate. The court noted that the bulk of the estate was in securities which were managed by an outside adviser and found that neither the production of income by investing in bonds, nor the decision as to liquidating securities in order to satisfy bequests, was out of the ordinary. The court’s decision to award fees based on the sliding scales provided in section 733.617 for the P.R. and section 733.6171 for counsel, and no additional fees for extraordinary services, is supported by competent substantial evidence.
Counsel also sought a separate enhancement of his fee for preparing the federal estate tax return based on section 733.6171(4)(e), Florida Statutes, which presumes a reasonable fee for preparation of the return to be one-half of one percent for estates under $10 million if the return is “prepared by the attorney.” The fee agreement in this case refers to the statute, and also provides that if the return is prepared by a person other than the attorney, the attorney will be compensated on an hourly basis. The return was prepared jointly by the P.R., who was a CPA, and counsel, and they were planning to split the statutory percentage fee.
The court found that counsel was not entitled to the statutory percentage because counsel had not prepared the return as contemplated by the statute and fee agreement, but that additional fees could be awarded on an hourly basis. We agree with that conclusion.[1]
The P.R. has moved for attorney’s fees to be awarded from the estate for services rendered on his appeal as well as the cross-appeal. Section 733.6175(2), Florida Statutes (1992), formerly section 733.6171(8), provides:
*210 Court proceedings to determine reasonable compensation of the personal representative or any person employed by the personal representative, if required, are part of the estate administration process, and the costs, including attorneys’ fees, of the person assuming the burden of proof of propriety of the employment and reasonableness of the compensation shall be determined by the court and paid from the assets of the estate unless the court finds the requested compensation to be substantially unreasonable. The court shall direct from which part of the estate the compensation shall be paid.
In connection with the litigation including fees, the trial court awarded some of the counsel fees incurred by the P.R., but did not award fees for the litigation on the claims for extraordinary services. The court found that portion of the work, on which the P.R. did not prevail, to be “substantially unreasonable” under the statute. Consistent with that ruling, which has not been appealed, we deny the motion for fees incurred on the main appeal. We conclude that because we are affirming the denial of the claim for extraordinary services, the estate should not have to bear those fees. We agree with the P.R. that he is entitled to fees for defending the cross-appeal and grant his motion in that respect.
We have considered the other issues raised on appeal and cross-appeal and find them to be without merit. Affirmed.
GROSS and TAYLOR, JJ., concur.

. This opinion should not be construed as holding that a lawyer who uses personnel in the lawyer's office to assist the lawyer in preparing the return is precluded from seeking the percentage suggested by the statute. In the present case the CPA who assisted in preparation of the return was not affiliated with the lawyer.